UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ARTEM BERESNEV SERGEEVICH,

　　　　　　　Plaintiff,

　　v.

NEKRASOV ROSTISLAV DENISOVICH,

　　　　　　　Defendant.

CASE NO. 2:25-cv-00692-RSL

ORDER EXTENDING DEADLINE FOR SERVICE

　　On September 12, 2025, the Court directed plaintiff to show cause why the complaint in the above-captioned matter should not be dismissed for failure to properly serve the summons and complaint within the time allowed by Fed. R. Civ. P. 4(m). Dkt. 11. Plaintiff responded with documents showing that he had emailed and mailed copies of the complaint and its attachments to defendant at the addresses provided by defendant in his DMCA counternotice. Dkt. 12. These documents (minus an English translation of the postal information) were in the record when the Court issued its order to show cause. Dkt. 10. They do not establish adequate proof of service because (1) there is no indication that plaintiff obtained or served summons and (2) the methods of service plaintiff utilized do not comply with the requirements of Fed. R. Civ. P. 4(f).

　　"[B]efore a court may exercise personal jurisdiction over a defendant, there must be more than notice to the defendant and a constitutionally sufficient relationship between the

ORDER - 1

defendant and the forum." *Omni Capital Intern., Ltd. v. Rudolf Wolff & Co., Ltd.*, 484 U.S. 97, 104 (1987). "[T]he procedural requirement of service of summons must be satisfied." *Id*.

The rules for serving a defendant with a summons in a federal action are set forth in Federal Rule of Civil Procedure 4. Rule 4(f) addresses service of an individual in a foreign country and provides:

> (f) SERVING AN INDIVIDUAL IN A FOREIGN COUNTRY. Unless federal law provides otherwise, an individual—other than a minor, an incompetent person, or a person whose waiver has been filed—may be served at a place not within any judicial district of the United States:
>
> > (1) by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents;
> >
> > (2) if there is no internationally agreed means, or if an international agreement allows but does not specify other means, by a method that is reasonably calculated to give notice:
> >
> > > (A) as prescribed by the foreign country's law for service in that country in an action in its courts of general jurisdiction;
> > >
> > > (B) as the foreign authority directs in response to a letter rogatory or letter of request; or
> > >
> > > (C) unless prohibited by the foreign country's law, by:
> > >
> > > > (i) delivering a copy of the summons and of the complaint to the individual personally; or

ORDER - 2

>                (ii) using any form of mail that the clerk addresses and
>                sends to the individual and that requires a signed
>                receipt; or
>
>        (3) by other means not prohibited by international agreement, as the
>        court orders.

Service pursuant to subsection (3) is "neither a last resort nor extraordinary relief. It is merely one means among several which enables service of process on an international defendant." *Rio Props. v. Rio Int'l Interlink*, 284 F.3d 1007, 1015 (9th Cir. 2002)). Any order permitting alternative service under Rule 4(f)(3) must, however, "comport with constitutional notions of due process and must not be prohibited by international agreement." *Id*.

The Russian Federation is a party to the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters ("the Convention"). 20 U.S.T. 361, 658 U.N.T.S. 163; Status Table, 14: Contracting Parties, https://perma.cc/KFC2-5AT3. The Convention "regularized and liberalized service of process in international civil suits." *Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004). "[C]ompliance with the Convention is mandatory in all cases to which it applies," *Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 705 (1988), which is "in all cases, in civil or commercial matters, where there is occasion to transmit a judicial or extrajudicial document for service abroad." 20 U.S.T. 361, Art. 1.

The Convention requires "each state to establish a central authority to receive requests for service of documents from other countries. Once a central authority receives a request in the proper form, it must serve the documents by a method prescribed by the internal law of the receiving state or by a method designated by the requester and compatible with that law." *Schlunk*, 486 U.S. at 699. The Hague Convention also "permits alternative methods of service unless the receiving country objects," including "service by

diplomatic and consular agents, service through consular channels, service on judicial officers in the receiving country, and direct service 'by postal channels.'" *Facebook, Inc. v. 9 Xiu Network (Shenzhen) Tech. Co.*, 480 F. Supp. 3d 977, 980 (N.D. Cal. 2020). See 20 U.S.T. 361, Art. 10.

"Although Russia is a signatory to the Hague Convention, in July 2003, Russia unilaterally suspended all judicial cooperation with the United States in civil and commercial matters." *AMTO, LLC v. Bedford Asset Management, LLC*, 2015 WL 3457452, at *4 (S.D.N.Y. June 1, 2015). *See also Watch Tower Bible & Tract Soc'y of Pennsylvania v. Russian Fed'n*, No. CV 24-2523 (RC), 2025 WL 2694791, at *6 (D.D.C. Sept. 22, 2025); *Facebook, Inc. v. Kokhtenko*, No. 21-CV-03036-YGR, 2021 WL 3373211, at *1 (N.D. Cal. Aug. 3, 2021). Prior to its suspension of cooperation, Russia had objected to the use of the alternative means of services permitted under Article 10. *See* Declaration VI of the Russian Federation, Hague Conf. on Private Int'l L (July 19, 2016), https://perma.cc/PW3H-TZXX ("Service of documents by methods listed in Article 10 of the Convention is not permitted in the Russian Federation."). "Russia's failure to abide by the Convention, ... does not change the fact that Russia does not agree to service by mail." *Kadmon Corp., LLC v. Ltd. Liab. Co. Oncon*, No. 22-CV-5271 (LJL), 2023 WL 2346340, at *4 (S.D.N.Y. Mar. 3, 2023) (quoting *AMTO*, 2015 WL 3457452, at *7). Thus, service by mail is not available here. *Water Splash, Inc. v. Menon*, 581 U.S. 271, 284 (2017) (concluding that in "cases governed by the Hague Service Convention, service by mail is permissible if two conditions are met: first, the receiving state has not objected to service by mail; and second, service by mail is authorized under otherwise-applicable law").

The next question, then, is whether service on an individual in Russia can be accomplished by email? While there are many cases that assume that email must be a permissible alternative if Russia's Central Authority will not serve documents and service by mail is unavailable, *see, e.g., ThermoLife Int'l, LLB v. Werteks Closed Stock*, No. 19-

cv-09671-PA, 2020 WL 6743586, at *3 (C.D. Cal. Apr. 14, 2020), the terms of the Hague Convention coupled with Russia's objection to Article 10 generally precludes service by email. The Supreme Court has stated that "the Hague Service Convention specifies certain approved methods of service and 'pre-empts inconsistent methods of service wherever it applies.'" *Water Splash*, 581 U.S. at 273 (quoting *Schlunk*, 486 U.S. at 699)). Article 10 sets forth the only viable alternatives to service through the Central Authority, and Russia has objected to their use. To infer that the failure to include a particular method of service in Article 10 as a viable alternative to service by the Central Authority (or that Russia's failure to object to a method of service that is not listed in Article 10) grants implied permission to use that method would turn Article 10 on its head and contravene the pre-emptive effect of the Convention on Service, which specifies the methods of service that can be used to serve litigants in a particular foreign country. *See Smart Study Co. v. Acuteye-Us*, 620 F. Supp. 3d 1382, 1393–94 (S.D.N.Y. 2022); *Facebook*, 480 F. Supp.3d at 983-84. Because the Hague Convention – an international agreement – establishes the only means of serving the defendant in this case, plaintiff's resort to email service in this case was not effective.

All hope of bringing defendant before the Court to defend plaintiff's copyright claims is not lost, however. First, the Hague Convention does not apply "where the address of the person to be served with the document is not known." 20 U.S.T. 361, Art. 1. If plaintiff is able to show that the address provided with the DMCA counternotice is fake and that, after reasonable investigation, he has been unable to identify a valid street address for defendant, the limitations imposed by the Hague Convention would fall away and alternative service under Rule 4(f)(2) and/or (3) may be available. Second, the Hague Convention requires the Central Authority of participating countries to attempt to serve a defendant by whatever method is compatible with that country's domestic laws and to provide plaintiff with a certificate either confirming that service was made or listing the

ORDER - 5

reasons that prevented service. 20 U.S.T. 361, Art. 2-7. Failure to do so within six months of the date proper documents are transferred to the Central Authority may result in the entry of a default judgment against defendant or an order directing substitute methods of service. 20 U.S.T. 361, Art. 15; Fed. R. Civ. P. 4(f) advisory committee's notes to 1993 amendments. If the Central Authority affirmatively and timely responds but refuses to comply with a service request on a ground other than that "compliance would infringe its sovereignty or security," 20 U.S.T. 361, Art. 13, plaintiff may also seek an order directing alternative means of service, Fed. R. Civ. P. 4(f) advisory committee's notes to 1993 amendments.

For all of the foregoing reasons, the Court finds that plaintiff's attempts at service have been ineffective and were not authorized by the applicable international agreement, Rule 4(f), or court order. Plaintiff will, however, be given another opportunity to serve with the benefit of the above analysis. Plaintiff shall, within 60 days of the date of this Order, either:

(a) show that reasonable investigation has not revealed defendant's actual physical address in Russia and file a motion seeking permission to serve by alternative means under Rule 4(f)(2) or (3); or

(b) obtain summons from the Clerk of Court and file proof that the necessary documents (including both the summons and complaint) have been transmitted to the Russian Central Authority. (Model forms for requesting service from the Central Authority can be found at https://www.hcch.net/en/publications-and-studies/details4/?pid=6560&dtid=65.)

The Clerk of Court shall renote the Order to Show Cause (Dkt. 11) on the Court's calendar for December 18, 2025. Failure to make timely progress on service of process will result in the dismissal of this action.

Dated this 14th day of October, 2025.

*Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER - 7